1  Yael Tobi (SBN 231425)
   ytobi@munckwilson.com
2  William A. Munck (*Pro Hac Vice*)
   wmunck@munckwilson.com
3  Ursula Smith (*Pro Hac Vice*)
   usmith@munckwilson.com
4  **MUNCK WILSON MANDALA, LLP**
   1925 Century Park East, Suite 2300
5  Los Angeles, California 90067
   Telephone:  (310) 855-3311
6  Facsimile:   (972) 628-3616

7  Attorneys for Plaintiff
   Canoo Technologies, Inc.
8

9              **UNITED STATES DISTRICT COURT**

10      **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

11

| | |
|---|---|
| Canoo Technologies, Inc. | Case No. 2:22-CV-09309-FLA-JC |
| Plaintiff, | (Honorable Fernando L. Aenlle-Rocha) |
| v. | **DECLARATION OF YAEL TOBI IN SUPPORT OF PLAINTIFF CANOO TECHNOLOGIES, INC.'S *EX PARTE* APPLICATON TO:** |
| Harbinger Motors, Inc., et al. | **(1) EXTEND THE DEADLINE TO FILE AN AMENDED COMPLAINT OR RESPOND TO ANY MOTIONS TO DISMISS;** |
| Defendants. | **(2) CONTINUE THE HARBINGER DEFENDANTS' HEARING DATE ON MOTION TO DISMISS (DEC. 52)** |
| | Complaint Filed: December 22, 2022 |

**DECLARATION OF YAEL TOBI ISO PLAINTIFF'S *EX PARTE* APPLICATION TO EXTEND TIME TO RESPOND TO MOTION TO DISMISS; AND CONTINUE THE HEARING DATE ON MOTION TO DISMISS**

-1-

## DECLARATION OF YAEL TOBI

I, Yael Tobi, declare:

1. I am an attorney at law duly licensed to practice law before all the courts of the State of California including all District Courts. I am a partner with the law firm Munck Wilson Mandala, LLP, which is counsel of record in the above-captioned action for Plaintiff Canoo Technologies, Inc. ("Plaintiff"). As counsel for Plaintiff, I have personal knowledge of each matter stated herein. If called as a witness, I can and will competently testify to the following:

2. I make this Declaration in support of Plaintiff's *Ex Parte* Application for Motion to Extend Time to: (1) Extend the Deadline to File an Amended Complaint or Respond to any Motions To Dismiss; (2) Continue the Harbinger Defendants' Hearing On Motion To Dismiss (Doc. 52) (the "Application").

3. Pursuant to Local Rule ("L.R.") 7-19.1, on February 15, 2023, myself and my colleague <u>orally</u> and by email provided notice of this *ex parte* Application to counsel for all parties that have been served in this matter including the date that Plaintiff would file the Application and the substance of the relief sought. Attached hereto as **Exhibit A** is a true and correct copy of the notice email dated February 15, 2023 sent to counsel for all parties served in this matter. Defendant Tiger Global Management, LLC and Defendant Thor Industries, Inc. ***do not oppose*** this ex parte Application. Counsel for the Harbinger Defendants, Ironspring LLC, Jackson Moses, Overture Climate VC, Ridgeline Partners LLC, and Schematic Ventures LLC, have yet to advise whether their clients oppose this ex parte Application. Attached hereto as **Exhibit B** is a true and correct copy of the email dated January 15, 2023 from counsel to Thor Industries, Inc., advising me that "Thor Industries will not be opposing Canoo's intended *ex parte* application."

4. On January 6, 2023, counsel for Defendants Harbinger Motors, Inc. ("Harbinger"), Electron Transport, Inc., Michael Fielkow, Alexi Charbonneau, Benjamin Dusastre, William Eberts, and Philip Weicker (collectively, the "Harbinger

Defendants") contacted me via email to discuss "a tentative schedule that makes sense for all parties and for all contemplated proceedings." Attached hereto as **Exhibit C** is a true and correct copy of the email dated January 6, 2023 from counsel for the Harbinger Defendants.

5. On January 9, 2023, my partner Andrew McKeon agreed to "extend the answer deadline for [the Harbinger Defendants] to February 27, 2023." Attached hereto as **Exhibit D** is a true and correct copy of the email dated January 9, 2023 from Andrew McKeon to counsel for the Harbinger Defendants.

6. In response, counsel for the Harbinger Defendants requested a later "common response deadline of March 6, [2023]" for all parties to answer or otherwise respond to the Complaint. Attached hereto as **Exhibit E** is a true and correct copy of the email dated January 9, 2023 from counsel for the Harbinger Defendants to myself and Andrew McKeon.

7. Plaintiff agreed to the proposed March 6 deadline.

8. To avoid duplicative motion practice, my partner Andrew McKeon and I coordinated the March 6 "common response deadline" with all the remaining Defendants—(i) Ridgeline Partners, LLC; (ii) Schematic Ventures, LLC; (iii) Ironspring, LLC; (iv) Overture Climate VC; (v) Thor Industries, Inc.; (vi) Tiger Global Management, LLC; and (vii) Jackson Moses. Attached hereto as **Exhibit F** is a true and correct copy of an email dated January 17, 2023 between myself and counsel for Thor Industries, Inc. Attached hereto as **Exhibit G** is a true and correct copy of an email dated January 17, 2023 between myself and counsel for Schematic Ventures, Ridgeline Partners, Ironspring, LLC; Overture Climate VC; and Jackson Moses.

9. Based on this coordinated March 6 deadline, my colleagues and I scheduled dates and deadlines in other matters. For example, I scheduled internal deadlines for the week of February 13 for dispositive motions in one matter, a hearing for preliminary injunction the week of February 20 in yet another matter and an opposition to dispositive motions the week of February 27.

10. I am also scheduled to be traveling for several days beginning February 22.

11. Additionally, my partner Andrew McKeon, who has appeared in every meet and confer conference with Defendants' counsel and has participated in both drafting the Complaint and fact development, is expecting the birth of his first child on February 15, 2023.

12. On February 7, 2023, despite the extension to March 6, counsel for the Harbinger Defendants suddenly advised that they intended to file the Harbinger Defendants' Motion to Dismiss ("Motion") two days later—on February 9. In response, my partner Andrew McKeon and I requested an agreement that Plaintiff's response to the Motion (or an amended complaint) would be due on March 27, 2023 – 21 days after the March 6 – the agreed deadline for all defendants' responsive pleading. We explained the need for this extension in the interest of judicial economy, as well as the conflicts in our schedule, stating "we expected to file an Opposition or Amended Complaint by (at the earliest) March 27, and we scheduled other hearings and deadlines based on this understanding." Nonetheless, counsel for the Harbinger Defendants refused to extend the same professional courtesy provided to him just a month prior, stating that "we do not think an opposition deadline of March 21…makes sense." Attached hereto as **Exhibit H** is a true and correct copy of the email exchange dated February 7, 2023 and February 8, 2023 with counsel for the Harbinger Defendants.

13. On February 9, 2023, the Harbinger Defendants filed their Motion.

14. Plaintiff's deadline to file an Amended Complaint is currently March 2, 2023 and its deadline to file an opposition to the Motion is March 10, 2023. As of the date this *ex parte* Application was filed, no other motions to dismiss have been filed by any of the other defendants, though it is expected that at least Defendants Ironspring LLC, Jackson Moses, Overture Climate VC, Ridgeline Partners LLC, and Schematic Ventures LLC will also soon file their own motions to dismiss.

///

///

1    I declare under penalty of perjury under the laws of the United States that the
2    foregoing is true and correct.
3    Executed on February 15, 2023, at Westlake Village, California.
4
5                                                          */s/ Yael Tobi*
                                                           Yael Tobi
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28