1
2
3
4
5
6
7
8                  UNITED STATES DISTRICT COURT
9                 CENTRAL DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| CANOO TECHNOLOGIES, INC., | Case No. 2:22-cv-09309-FLA (JCx) |
| Plaintiff, | **ORDER TO SHOW CAUSE WHY COURT SHOULD NOT DISMISS ACTION FOR LACK OF STANDING** |
| v. | |
| HARBINGER MOTORS, INC., *et al.*, | |
| Defendants. | |

On December 22, 2022, Plaintiff Canoo Technologies, Inc. ("Plaintiff") filed this lawsuit against Defendants Harbinger Motors, Inc., Alexi Charbonneau, Benjamin Dusastre, William Eberts, Michael Fielkow, John Henry Harris, Phillip Weicker, Bharat Forge Limited, and Tiger Global Management, LLC (collectively, "Defendants"), along with other former Defendants that have been dismissed from the action.  Dkt. 1 ("Compl.").

In the operative First Amended Complaint ("FAC"), filed March 24, 2023, Plaintiff alleges it is an electric automotive company that develops technology in the electric vehicle market, "including technology related to its independent platform called the 'skateboard.'"  Dkt. 96 ("FAC") ¶ 2.  According to Plaintiff, it invested

1  considerable time and resources to develop proprietary skateboard-related technology
2  and explored partnerships and joint venture opportunities with third-party original
3  equipment manufacturers. *Id*. ¶¶ 2, 35–38. Plaintiff further claims Defendants
4  improperly acquired and used its confidential technology and business plans to
5  "develop[] a business model targeting" similar partnerships and technology at an
6  "implausibly fast speed." *Id*. ¶¶ 10, 91.

7      On January 17, 2025, Plaintiff filed a voluntary petition for relief under Chapter
8  7 of the United States Bankruptcy Code, in the United States Bankruptcy Court for the
9  District of Delaware, Case No. 1:25-10099-BLS. *See* Dkt. 243; Dkt. 243-1.

10      The filing of a bankruptcy petition creates a bankruptcy estate comprising
11  property that includes "all legal or equitable interests of the debtor in property as of
12  the commencement of the case," with enumerated exceptions. 11 U.S.C. § 541(a)(1);
13  *see also In re Raintree Healthcare Corp.*, 431 F.3d 685, 688 (9th Cir. 2005). "It is
14  well settled that prepetition causes of action … are assets included within the meaning
15  of property of the estate." *Hernandez v. Downey Sav. & Loan Ass'n, F.A.*, Case No.
16  3:08-cv-02336-IEG-LSP, 2009 WL 704381, at *3 (S.D. Cal. Mar. 17, 2009) (citing,
17  *e.g.*, *Cusano v. Klein*, 264 F.3d 936, 945 (9th Cir. 2001)); *see also Rowland v. Novus*
18  *Fin. Corp.*, 949 F. Supp. 1447, 1453 (D. Haw. 1996); *Cobb v. Aurora Loan Servs.*,
19  408 B.R. 351 (Bankr. E.D. Cal. 2009).

20      A Chapter 7 debtor "may not prosecute a cause of action belonging to the
21  bankruptcy estate" because the bankruptcy trustee is the "real party in interest" with
22  respect to such claims. *Hernandez*, 2009 WL 704381, at *5 (citing *Rowland*, 949 F.
23  Supp. at 1454 & *Griffin v. Allstate Ins. Co.*, 920 F. Supp. 127, 130 (C.D. Cal. 1996));
24  *see also* Fed. R. Civ. P. 17(a) ("An action must be prosecuted in the name of the real
25  party in interest."). To circumvent this proscription, a debtor must either show that its
26  claims are exempt from the bankruptcy estate or were abandoned by the bankruptcy
27  trustee. *Rowland*, 949 F. Supp. at 1453–54. Alternatively, a debtor may substitute or
28  join the bankruptcy trustee as a party to the lawsuit. *Runaj v. Wells Fargo Bank*, 667

1    F. Supp. 2d 1199, 1206 (S.D. Cal. 2009) ("A trustee in bankruptcy is the

2    representative of the estate, and has the capacity to sue and be sued") (citing 11 U.S.C.

3    § 323)).

4        Here, it is undisputed the transactions giving rise to Plaintiff's lawsuit occurred

5    before it filed the petition for Chapter 7 bankruptcy, and Plaintiff's claims now appear

6    to be property of the bankruptcy estate. *Compare* Compl. *with* Dkt. 243-1.

7    Accordingly, the court ORDERS Plaintiff to Show Cause ("OSC") in writing within

8    fourteen (14) days of this order why the action should not be dismissed without

9    prejudice for Plaintiff's lack of standing. *See EHang Inc. v. Wang*, Case No. 5:21-cv-

10   02700-BLF, 2021 WL 5037681 (N.D. Cal. Oct. 29, 2021) (dismissing complaint for

11   lack of standing after plaintiff filed for Chapter 7 bankruptcy).  Plaintiff is advised that

12   failure to respond to the OSC timely may result in the dismissal of the action without

13   further notice from the court.

14

15       IT IS SO ORDERED.

16

17   Dated: February 7, 2025

18                                                FERNANDO L. AENLLE-ROCHA
                                                  United States District Judge
19

20

21

22

23

24

25

26

27

28