**REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL**

Jonathan P. Bach (pro hac vice)
Cynthia S. Arato (SBN: 156856)
Daniel J. O'Neill (pro hac vice)
Denae Kassotis (pro hac vice)
**SHAPIRO ARATO BACH LLP**
1140 Avenue of the Americas, 17th Floor
New York, NY 10036
T: (212) 257-4880
jbach@shapiroarato.com
carato@shapiroarato.com
doneill@shapiroarato.com
dkassotis@shapiroarato.com

Max J. Sprecher, Esq. (SBN: 169285)
**LAW OFFICES OF MAX J. SPRECHER**
5850 Canoga Avenue, 4th Floor
Woodland Hills, CA 91367
T: (818) 996-2255
F: (818) 996-4204
max@sprecherlaw.com

Attorneys for Defendants Harbinger Motors Inc.,
John Harris, William Eberts, Phillip Weicker,
Alexi Charbonneau, and Michael Fielkow

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CANOO TECHNOLOGIES, INC., a Delaware Corporation, <br><br> Plaintiff, <br><br> v. <br><br> HARBINGER MOTORS, INC.; a Delaware Corporation; *et al.*, <br><br> Defendants. | Case No. 2:22cv09309 FLA (JCx) <br> Filed: December 22, 2022 <br><br> **DEFENDANTS' RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY RE: *EX PARTE* APPLICATION TO CONTINUE CASE SCHEDULE** |

Defendants respectfully submit this response to Plaintiff's Notice of Supplemental Authority regarding the Ninth Circuit's recent decision in *Quintara Biosciences, Inc. v. Ruifeng Biztech, Inc.*, --- F.4th ---, 2025 WL 2315671 (9th Cir. Aug 12, 2025). Plaintiff mischaracterizes the Ninth Circuit's inapposite decision, which, if anything, *supports* Defendants' request that—nearly three years into this case—any modified case schedule contain a deadline for Plaintiff to serve its supplemental response to Defendants' interrogatory seeking a complete and detailed identification of the trade secrets that Defendants allegedly misappropriated.

In *Quintara*, the Ninth Circuit reversed the district court's order dismissing Quintara's trade secret misappropriation claims under the federal Defend Trade Secrets Act ("DTSA") for seven of its nine asserted trade secrets as a sanction for Quintara's failure "to disclose with 'reasonable particularity' each of its allegedly misappropriated trade secrets at the outset of discovery." *Quintara*, 2025 WL 2315671, at *2.[1]

But Defendants are not currently seeking terminating sanctions for Plaintiff's failure to identify with particularity the allegedly misappropriated trade secrets at the "outset of discovery." (Dkt. 260 at 2). Discovery in this nearly three-year-old case has long been underway. And Defendants have, in good faith and at great expense, already produced tens of thousands of documents—even though they *still do not know what particular trade secrets they allegedly misappropriated*. Nothing in *Quintara* (or any other case in this Circuit) precludes Defendants from learning with particularity what trade secrets they allegedly misappropriated with sufficient time for the parties to conduct follow-on discovery. After all, Defendants cannot even

---

[1] Unlike in *Quintara*, Plaintiff has not asserted *only* a claim under the DTSA. It has *also* asserted a trade secret misappropriation claim under the California Uniform Trade Secret Act ("CUTSA"). And the Ninth Circuit expressly recognized—and declined to disturb—the numerous federal court decisions that "have applied CUTSA's 'reasonable particularity' rule to CUTSA claims, at times in combination with DTSA claims." *Quintara*, 2025 WL 2315671, at *5 & n.1.

begin to formulate a defense and develop facts in support of that defense until they have adequate notice of the trade secrets that they are accused of misappropriating.

Magistrate Judge Chooljian recognized as much when she ███████████ ███████████████████████████████████████████████████████████████████ ███████████████████████████████████████████ As discussed in Defendants' opposition to Plaintiff's *ex parte* application, Magistrate Judge Chooljian ordered ████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████

Plaintiff has not challenged Magistrate Judge Chooljian's orders, or otherwise argued that she lacked authority to compel a further response to Defendants' interrogatory or set a deadline for it to do so.  Nor has Plaintiff appealed Magistrate Judge Chooljian's orders.  Thus, any modified case schedule should be tailored to give effect to her orders, which were expressly designed to further the iterative process to identify the trade secrets at issue.  Doing so would not constitute "an abuse of discretion" or "reversible error," as Plaintiff threatens.  (Dkt. 260 at 3).  To the contrary, adopting a schedule giving effect to her orders would be entirely consistent with *Quintara*, which recognized that district courts have authority to manage the identification of trade secrets, including by sequencing discovery and ordering the plaintiff to "identif[y] its trade secrets with 'sufficient particularity' before permitting additional discovery." *Quintara*, 2025 WL 2315671, at *4, 6–8. Because a particularized identification of the purported trade secrets at issue is necessary to Defendants' ability to formulate a defense, any modified case schedule

should require Plaintiff to serve his supplemental interrogatory response by October 13, 2025.

Dated: August 14, 2025            Respectfully submitted,

SHAPIRO ARATO BACH LLP

<u>/s/ Jonathan P. Bach</u>
Jonathan P. Bach
Cynthia S. Arato
Daniel J. O'Neill
Denae Kassotis

*Attorneys for Defendants Harbinger Motors, Inc., John Harris, William Eberts, Phillip Weicker, Alexi Charbonneau, and Michael Fielkow*

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendants Harbinger Motors Inc., John Harris, William Eberts, Phillip Weicker, Alexi Charbonneau, and Michael Fielkow, certifies that this brief contains 665 words, which complies with the word limit of C.D. Cal. L.R. 11-6.1.

SHAPIRO ARATO BACH LLP

/s/ Jonathan P. Bach
Jonathan P. Bach