GIBSON, DUNN & CRUTCHER LLP
NICOLA T. HANNA, SBN 130694
   nhanna@gibsondunn.com
ILISSA SAMPLIN, SBN 314018
   isamplin@gibsondunn.com
SHAUN A. MATHUR, SBN 311029
   smathur@gibsondunn.com
JENNIFER RHO, SBN 254312
   jrho@gibsondunn.com
AFIA BONDERO, SBN 318763
   abondero@gibsondunn.com
333 South Grand Avenue
Los Angeles, California  90071-3197
Telephone:  213.229.7000
Facsimile:   213.229.7520

SHAPIRO ARATO BACH LLP
JONATHAN P. BACH (*pro hac vice*)
   jbach@shapiroarato.com
CYNTHIA S. ARATO, SBN 156856
   carato@shapiroarato.com
DANIEL J. O'NEILL (*pro hac vice*)
   doneill@shapiroarato.com
1140 Avenue of the Americas, 17th Floor
New York, NY 10036
Telephone: 212.257.4880

*Attorneys for Defendants Harbinger Motors Inc., John Harris, William Eberts, Phillip Weicker, Alexi Charbonneau, and Michael Fielkow*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| CANOO TECHNOLOGIES, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>HARBINGER MOTORS, INC.; a Delaware Corporation; et al.,<br><br>Defendants. | CASE NO. 2:22cv09309 FLA (JCx)<br><br>**IMMEDIATE RELIEF REQUESTED**<br><br>**JOINT *EX PARTE* APPLICATION TO VACATE ALL CASE DEADLINES DUE TO SETTLEMENT**<br><br>Judge:     Fernando L. Aenlle-Rocha<br><br>Expert Discovery Cutoff: May 19, 2026<br>Pretrial Conference: October 16, 2026<br>Trial: November 3, 2026 |

Gibson, Dunn & Crutcher LLP

## JOINT *EX PARTE* APPLICATION TO VACATE ALL CASE DEADLINES DUE TO SETTLEMENT

Pursuant to Local Rules 7-19, 16-15.7, and 40-2, Defendants Harbinger Motors Inc., John Harris, William Eberts, Phillip Weicker, Alexi Charbonneau, and Michael Fielkow ("Defendants") and Plaintiff Jeoffrey Burtch ("Trustee"), Chapter 7 Trustee for Canoo Technologies, Inc. ("Canoo"), (collectively, the "parties"), respectfully submit this Joint *Ex Parte* Application to vacate all remaining case deadlines because the parties have reached a settlement of this action, subject to required approval by the Bankruptcy Court in Delaware. Specifically, on May 15, 2026, the parties executed a binding Term Sheet containing the agreed-upon financial terms of the settlement. As set forth in the Term Sheet, the parties further intend to execute a Long Form Agreement containing customary terms within 21 days from the signing of the Term Sheet. Because Canoo is in Chapter 7 bankruptcy proceedings, the settlement must be submitted to the Bankruptcy Court in Delaware for approval. Accordingly, the Trustee intends to present the Long Form Agreement to the Bankruptcy Court for approval upon noticed motion pursuant to Federal Rule of Bankruptcy Procedure 9019(a). The parties anticipate that the entire process, including execution of the Long Form Agreement and an approval hearing before the Bankruptcy Court, may take 60 days or more. Because the request is joint, limited to vacating existing deadlines while formal settlement approval proceeds, and coupled with a proposed 60-day dismissal or status report deadline, it preserves the status quo while the Court retains oversight.

The parties seek *ex parte* relief because (1) they would be "irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures," and (2) they are "without fault in creating the crisis that requires *ex parte* relief." *Thompson v. Cty. of Riverside*, 2023 WL 8168859, at *7 (C.D. Cal. July 26, 2023).

*First*, the parties would be irreparably prejudiced if required to proceed by regularly noticed motion because the earliest hearing date would be June 19, 2026. *See*

Gibson, Dunn & Crutcher LLP

L.R. 6-1 (ordinary motions must be noticed for hearing at least 28 days after the motion is filed). That date falls after the May 19, 2026 expert discovery cutoff, the May 29, 2026 deadline for the Trustee to oppose Defendants' pending summary judgment motion and the June 12, 2026 deadline for Defendants to file a reply in support of their summary judgment motion. (Dkt. 364 at 2.) A noticed motion therefore would not be heard in time to prevent the parties from incurring the time and substantial expense of additional expert depositions and further summary judgment briefing after they have already agreed to settle this case, while they await the Bankruptcy Court's approval.

*Second*, the parties are without fault in creating the crisis requiring *ex parte* relief, as they have acted diligently to seek the relief requested in this application. The need for immediate relief arises from the timing of settlement and the Bankruptcy Court's approval process, not from any lack of diligence. The parties have been discussing settlement in earnest over the past three months. They previously sought—and received—a two-week extension from the Court to allow the parties to focus on settlement discussions. (Dkts. 397, 399.) Although the parties were unable to reach an agreement within that time frame, they continued to negotiate in earnest while simultaneously litigating diligently—serving supplemental expert reports, taking expert depositions, and moving for summary judgment. Now that the parties have executed a binding Term Sheet, they jointly request relief to allow them to pursue Bankruptcy Court approval without incurring avoidable and substantial litigation expense.

Contact information for the Trustee's counsel is as follows:

Gibson, Dunn &
Crutcher LLP

MUNCK WILSON MANDALA, LLP
Michael C. Wilson
Sarah J. Lopano
Chase A. Cobern
Michael A. McCabe
S. Wallace Dunwoody
William A. Munck
Aaron C. Dilbeck
Charles T. Zerner
Alexander D. Jablonski
2000 McKinney Ave., Suite 1900
Dallas, Texas 75201
Telephone: 972-628-3600
Email:      mwilson@munckwilson.com
            slopano@munckwilson.com
            ccobern@munckwilson.com
            mmccabe@munckwilson.com
            wdunwoody@munckwilson.com
            wmunck@munckwilson.com
            adilbeck@munckwilson.com
            czerner@munckwilson.com
            ajablonski@munckwilson.com

Marina V. Bogorad
1925 Century Park East, Suite 2300
Los Angeles, California 90067
Telephone: 310-855-3311
Email:      mbogorad@munckwilson.com

Merritt D. Westcott
Tri T. Truong
807 Las Cimas Pkwy, Suite 300
Austin, Texas 78746
Telephone:  737-201-1636
Email:      mwescott@munckwilson.com
            ttruong@munckwilson.com

This Application is based on this Notice, the accompanying Memorandum of Points and Authorities, the Declaration of Ilissa Samplin, any other matters of which the Court may take judicial notice, other documents on file in this action, and any oral argument of counsel.

Gibson, Dunn & Crutcher LLP

iv

DATED: May 18, 2026

MUNCK WILSON MANDALA LLP

By: */s/ Sarah J. Lopano*

Michael C. Wilson
Sarah J. Lopano
Chase A. Cobern
Michael A. McCabe
S. Wallace Dunwoody
Merritt D. Westcott
William A. Munck
Marina V. Bogorad
Aaron C. Dilbeck
Charles T. Zerner
Tri T. Truong
Alexander D. Jablonski

*Attorneys for Plaintiff Jeoffrey Burtch Chapter 7 Trustee*

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By: */s/ Nicola T. Hanna*
　　　Nicola T. Hanna
　　　Ilissa Samplin
　　　Shaun A. Mathur
　　　Jennifer Rho
　　　Afia Bondero

SHAPIRO ARATO BACH LLP

Jonathan P. Bach
Cynthia S. Arato
Daniel J. O'Neill

*Attorneys for Defendants Harbinger Motors Inc., John Harris, William Eberts, Phillip Weicker, Alexi Charbonneau, and Michael Fielkow*

## ATTESTATION UNDER LOCAL RULE 5-4.3.4(a)(2)(i)

Pursuant to Civil L.R. 5-4.3.4(a)(2)(i), I attest that concurrence in the filing of this document has been obtained from each of the signatories above.

Dated:　　　May 18, 2026

By: */s/ Nicola T. Hanna*
　　　　　Nicola T. Hanna

Attorneys for Defendants

Gibson, Dunn & Crutcher LLP

v

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

After three months of earnest negotiations, the parties have executed a binding Term Sheet containing the agreed-upon financial terms for settlement.  Declaration of Ilissa Samplin ¶¶ 3–4.  Accordingly, the parties respectfully seek *ex parte* relief to vacate all remaining case deadlines pursuant to Local Rules 7-19 and 16-15.7 and Federal Rule of Civil Procedure 16(b)(4).  Without that relief, the parties will be required to undertake substantial expert discovery obligations and expend substantial resources on additional summary judgment briefing while they execute a Long Form settlement agreement and seek Bankruptcy Court approval of the settlement pursuant to Federal Rule of Bankruptcy Procedure 9019(a)—even though they have already reached a settlement on binding terms.  Because Canoo is in ongoing bankruptcy proceedings, the settlement requires Bankruptcy Court approval before it can be fully implemented.  Once the parties execute the Long Form Agreement within 21 days of signing the Term Sheet, the Trustee will begin that Bankruptcy Court approval process.  Samplin Decl. ¶¶ 3–4.  The bankruptcy approval process could take several weeks, as it will proceed via regularly noticed motion, and the parties request that the Court vacate the remaining case deadlines while that process unfolds so they do not spend unnecessary resources on a litigation they have agreed to resolve.  Overall, the parties anticipate that the execution of the Long Form Agreement and the Bankruptcy Court approval may take 60 days or more.

If the deadlines remain in place, the parties will be required to prepare for and take additional expert depositions and file further summary judgment briefs, all at substantial expense.  Samplin Decl. ¶ 6.  That avoidable burden is precisely the kind of prejudice that warrants *ex parte* relief.  If the parties were required to proceed by noticed motion, the earliest available hearing date would be June 19, 2026, after the current expert discovery cutoff and the summary judgment opposition and reply briefs are due.  With those imminent deadlines approaching, *ex parte* relief is necessary to prevent

Gibson, Dunn & Crutcher LLP

1

irreparable prejudice and conserve party and judicial resources.

The parties respectfully request that the Court vacate the remaining case deadlines.

## II.    ARGUMENT

A scheduling order may be modified "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause" standard primarily focuses on the moving party's diligence and the reasons for seeking modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). The decision to modify a scheduling order is within the broad discretion of the district court. *Id.* at 607. Courts considering modification requests based on settlement discussions also consider whether the request is made "preemptively" before the parties stop their discovery obligations on their own, whether "substantial judicial or party resources may be spared," and the "likelihood of settlement." *Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1181 (D. Nev. 2022). These considerations support vacatur here.

Here, modification of the Scheduling Order to vacate all remaining case deadlines is warranted under Rule 16(b)(4) and the Court's inherent authority. The parties have acted diligently: while settlement discussions progressed, the parties continued to litigate this case, including by serving supplemental expert reports, deposing experts, and moving for summary judgment. Samplin Decl. ¶¶ 7–8. The parties also sought, and the Court granted, a two-week extension to allow them to focus on settlement discussions. (Dkts. 379, 399.) Although the parties were unable to reach a settlement during that extension, they continued negotiating while complying with the Court's deadlines. Samplin Decl. ¶ 2. Once the parties executed a binding Term Sheet, they moved the next business day to request that this Court vacate the remaining case deadlines. Further, this request is made while the parties continue to litigate in accordance with the Court's deadlines. Samplin Decl. ¶ 7. This record shows diligence, not delay.

Good cause also supports the requested relief for two additional reasons.

Gibson, Dunn & Crutcher LLP

2

*First*, vacating all remaining case deadlines is the most practical and efficient path forward.  The parties executed a binding Term Sheet and are working to execute the Long Form Agreement, which will occur within 21 days from the date of executing the Term Sheet.  Samplin Decl. ¶ 3.  Because Canoo is in bankruptcy proceedings, however, the settlement also requires Bankruptcy Court approval pursuant to Federal Rule of Bankruptcy Procedure 9019(a).  Samplin Decl. ¶ 4.  Vacating the case deadlines while the parties draft and execute the Long Form Agreement and start the approval process in Bankruptcy Court would permit the parties to avoid expert discovery and summary judgment work that may soon become unnecessary, while preserving the Court's ability to require a dismissal or status report if approval is delayed.  That approach will "spar[e]" the parties from expending "substantial" resources on impending expert depositions and additional summary judgment briefing.  *Williams*, 627 F. Supp. 3d at 1181.

The Bankruptcy Court approval requirement is the principal reason the parties need a short pause rather than immediate dismissal.  The Long Form Agreement will be presented to the Bankruptcy Court, because the Trustee requires authorization to settle claims belonging to the estate.  That process will proceed via a regularly noticed motion before the Bankruptcy Court.  The parties will promptly advise the Court when approval becomes final; if approval is delayed or denied, they will update the Court in the requested 60-day status report.

*Second*, both parties would be prejudiced if required to expend substantial resources preparing for and taking the remaining four expert depositions and completing summary judgment briefing after executing a binding Term Sheet to settle this matter.  A potential third-party deposition may also take place in the coming weeks.  Continuing with those obligations would impose avoidable and substantial expense for the parties— hundreds of thousands of dollars in fees and costs (Samplin Decl. ¶ 6)—and require the Court to spend resources on briefing that may be mooted by Bankruptcy Court approval of the settlement.  Courts in this Circuit often vacate case deadlines when a settlement,

Gibson, Dunn & Crutcher LLP

3

even in principle, has been reached. *See, e.g.*, *Cull v. O'Reilly Auto Enterprises, LLC*, Dkt. 33, No. 5:23-cv-01623-FLA (C.D. Cal. May 2, 2024) (vacating case deadlines after parties submitted notice of settlement); *Davies v. EPA*, 2018 WL 2289882, at *1 (D. Mont. May 18, 2018) (granting motion to vacate case deadlines pending "anticipated settlement agreement"); *Phoenix Techs., Ltd. v. Xtool Mobile Security, Inc. et al.*, Dkt. 252, No. C 09-02980 JW (N.D. Cal. May 16, 2011) (finding good cause to vacate case management conference and ordering parties to submit a stipulated dismissal or proposed deadline for settlement to be finalized in writing).

The requested relief is correspondingly narrow. The parties do not seek to delay the case for litigation advantage. They seek only to avoid incurring substantial expert-discovery and summary-judgment expenses while executing the Long Form Agreement and the approval process is pending in the Bankruptcy Court, necessary to effectuate their settlement. Because the request is joint, temporary, and paired with a 60-day deadline to file either a dismissal or a joint status report, vacating the remaining case deadlines will preserve resources without prejudicing either side or impairing the Court's ability to supervise the case.

In short, vacating the remaining case deadlines promotes efficiency, avoids prejudice to both parties, and conserves judicial and party resources consistent with Rule 16 and the good-cause standard. The parties therefore respectfully request that the Court vacate all remaining case deadlines and set a 60-day deadline for the parties to file either a dismissal or a joint status report regarding the status of settlement approval.

## III.    CONCLUSION

The parties respectfully request that the Court find good cause shown, vacate all remaining case deadlines, and order the parties to file either a dismissal or a joint status report within 60 days of the Court's order.

Gibson, Dunn & Crutcher LLP

4

DATED: May 18, 2026

MUNCK WILSON MANDALA LLP

By: */s/ Sarah J. Lopano*

Michael C. Wilson
Sarah J. Lopano
Chase A. Cobern
Michael A. McCabe
S. Wallace Dunwoody
Merritt D. Westcott
William A. Munck
Marina V. Bogorad
Aaron C. Dilbeck
Charles T. Zerner
Tri T. Truong
Alexander D. Jablonski

*Attorneys for Plaintiff Jeoffrey Burtch Chapter 7 Trustee*

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By: */s/ Nicola T. Hanna*
Nicola T. Hanna
Ilissa Samplin
Shaun A. Mathur
Jennifer Rho
Afia Bondero

SHAPIRO ARATO BACH LLP

Jonathan P. Bach
Cynthia S. Arato
Daniel J. O'Neill

*Attorneys for Defendants Harbinger Motors Inc., John Harris, William Eberts, Phillip Weicker, Alexi Charbonneau, and Michael Fielkow*

**ATTESTATION UNDER LOCAL RULE 5-4.3.4(a)(2)(i)**

Pursuant to Civil L.R. 5-4.3.4(a)(2)(i), I attest that concurrence in the filing of this document has been obtained from each of the signatories above.

Dated:        May 18, 2026

By: /s/ Nicola T. Hanna
Nicola T. Hanna

Attorneys for Defendants

Gibson, Dunn & Crutcher LLP

6

## CERTIFICATE OF COMPLIANCE

The undersigned counsel of record for Defendants certifies that this application contains 1,291 words, which complies with the word limit of L.R. 11-6.1 and the Court's February 1, 2025 Civil Standing Order.

DATED: May 18, 2026

By: */s/ Nicola T. Hanna*
Nicola T. Hanna

Gibson, Dunn &
Crutcher LLP

7